IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA STARK-ROMERO, Individually and as
Personal Representative of the Estate
Of FRED P. STARK,

       Plaintiff,

and

EMILIO J. ESQUIBEL and HELEN G. ESQUIBEL,
Individually and as Co-Personal Representatives of the Estate of
MICHAEL S. ESQUIBEL, deceased,

       Plaintiff-Intervenors,

vs.                                                                                                                No. CIV 10-0778 JB/RLP

THE NATIONAL RAILROAD PASSENGER
COMPANY (AMTRAK), BURLINGTON
NORTHERN SANTA FE RAILWAY
COMPANY (BNSF), CITY OF LAS VEGAS,
SAN MIGUEL COUNTY and NEW MEXICO
DEPARTMENT OF TRANSPORTATION, and
RIDE TO PRIDE AT THE BARN, L.L.C.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant BNSF Railway Company's Motion to Compel Answers to Requests for Admission, filed May 25, 2011 (Doc. 88). The Court held a hearing on July 6, 2011. The primary issues are: (i) whether the Court should deem admitted certain requests for admission ("RFA") that Defendant BNSF Railway Company ("BNSF Railway") propounded on Plaintiffs Emilio J. Esquibel and Helen G. Esquibel; and (ii) whether, if the Court does not deem the RFAs admitted, the Court should compel the Esquibels to supplement, modify, or amend their responses to RFAs. The Court will grant BNSF Railway's motion in part. The Court

will not deem the RFAs admitted. The Court will overrule the Esquibels' objections to BNSF Railway's RFAs. The Court will find that the Esquibels' responses to the RFAs are insufficient. The Court will allow the Esquibels until July 20, 2011 to supplement their answers to the RFAs.

**PROCEDURAL BACKGROUND**

On February 12, 2009, Plaintiff Victoria Stark-Romero filed a Complaint for Wrongful Death and Negligence against BNSF Railway and Defendants National Railroad Passenger Company d/b/a Amtrak, BNSF, City of Las Vegas, San Miguel County, the New Mexico Department of Transportation, and Ride to Pride at the Barn, LLC, in the Fourth Judicial District Court in San Miguel County, New Mexico. See Stark-Romero v. Nat'l R.R. Passenger Co., No. CIV 09-0295 MV/RLP, Complaint for Wrongful Death and Negligence, filed March 26, 2009 (Doc. 1-1). On March 26, 2009, the Defendants in that action removed Stark-Romero v. National Railroad Passenger Co. to the United States District Court for the District of New Mexico. See Stark-Romero v. Nat'l R.R. Passenger Co., No. CIV 09-0295 MV/RLP, Notice of Removal, filed March 26, 2009 (Doc. 1)("First Notice of Removal"). Stark-Romero filed a Motion to Remand on April 20, 2009, alleging that the First Notice of Removal was procedurally defective, because it did not establish that all Defendants served at the time of removal consented to the removal, given that San Miguel County did not sign the notice of removal or file an independent consent to removal. See Stark-Romero v. Nat'l R.R. Passenger Co., No. 09-cv-0295-MV-RLP, Motion to Remand and Memorandum in Support Thereof at 4-5, filed April 20, 2009 (Doc. 14)("Stark-Romero's Motion to Remand"). On March 31, 2010, the Honorable Martha Vázquez, then-Chief Judge,[1] issued a Memorandum Opinion and Order, granting Stark-Romero's Motion to Remand. See Stark-Romero

---

[1] The Honorable Bruce Black, Chief United States District Judge for the District of New Mexico, became Chief Judge on September 1, 2010.

v. Nat'l R.R. Passenger Co., No. CIV 09-0295 MV/RLP, Memorandum Opinion and Order Granting Motion to Remand, filed March 31, 2010 (Doc. 96)("Mar. 31, 2010 MOO").

On July 19, 2010, E. Esquibel and H. Esquibel filed their Complaint in Intervention for Wrongful Death and Negligence in the Fourth Judicial District, County of San Miguel, in which they intervened in the action Stark-Romero filed. See Complaint in Intervention for Wrongful Death and Negligence in the Fourth Judicial District, filed August 19, 2010 (Doc. 1-2). On August 19, 2010, BNSF Railway and Amtrak removed the action. See Doc. 1.

Stark-Romero and the Esquibels filed the Plaintiffs' Motion to Remand and Memorandum in Support Thereof, filed September 9, 2010 (Doc. 19), and the Motion Requesting that this Matter be Returned to the Previously Assigned Judge, filed October 10, 2010 (Doc. 32), which requested the Court to transfer the matter to Judge Vázquez. On January 12, 2011, the Court filed a Memorandum Opinion and Order, remanding Stark-Romero's claims, but denying the Esquibels' request that the Court remand their claims. See Doc. 53.

On May 25, 2011, BNSF Railway filed its Motion to Compel Answers to Requests for Admission. See Doc. 88. BNSF Railway argues that the Esquibels' refusal to adequately respond to its requests for admission has required it to engage in discovery motion practice to establish facts about which there is no genuine dispute. BNSF asks the Court to enter an order deeming RFA Nos. 20-33 admitted, or, in the alternative, to enter an order compelling the Esquibels to immediately answer RFA Nos. 12, and 20-33 without objection, and, if the Esquibels still deny a RFA, to supply an explanation for the factual basis for the denial.

On June 9, 2011, the Esquibels filed the Plaintiffs' Response in Opposition to BNSF's Motion to Compel Answers to Requests for Admission. See Doc. 89. The Esquibels argue that their objections and responses to the requests for admission are appropriate and allowable. They argue

-3-

that BNSF Railway seeks to have them admit things that are beyond the scope of rule 36 of the Federal Rules of Civil Procedure, such as legal conclusions and matters beyond the scope of the Esquibels' personal knowledge.

On June 23, 2011, BNSF Railway filed BNSF's Reply in Support of its Motion to Compel Answers to Requests for Admission. See Doc. 96. BNSF Railway argues that its RFAs do not seek legal conclusions, that its RFAs are proper, and that its RFAs are within the knowledge of the Esquibels' agents or within the Esquibels' knowledge. BNSF Railway thus asks the Court to grant its motion to compel.

## **RELEVANT LAW REGARDING RFAs**

RFAs "expedite trials by establishing as true certain material facts of a case without the necessity of formal proof at trial." Keen v. Detroit Diesel Allison, 569 F.2d 547, 554 (10th Cir. 1978)(citation omitted). Rule 36(a)(1) states: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: . . . facts, the application of law to fact, or opinions about either . . . ." Fed. R. Civ. P. 36(a)(1)(A). Absent court permission to withdraw or amend, admissions are binding on a party in the pending action. See Fed. R. Civ. P. 36(b). Rule 36(a)(5) states: "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6).

1. **Conclusions of Law.**

In 1970, rule 36(a)'s reference to "relevant matters of fact" was deleted and the rule was amended to allow for requests applying law to fact. See Fed. R. Civ. P. 36 advisory committee note (1970)("As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be 'of fact.'"). The purpose of the change was to resolve conflicts whether a request to admit matters "involving 'mixed law and fact' is proper under the rule." Fed. R. Civ. P. 36 advisory committee note (1970).

> An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial. In McSparran v. Hanigan, [255 F. Supp. 628 (E.D. Pa. 1963),] plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F. Supp. at 636. This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial. The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

Fed. R. Civ. P. 36 advisory committee note (1970).

"It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion." Disability Rights Council v. Wash Metro. Area, 234 F.R.D. 1, 3 (D.D.C. 2006)(citing Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997); Abbott v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997); English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986)("Requests asking for legal conclusions are not proper." (citing Williams v. Krieger, 61 F.R.D. 142, 144 (S.D.N.Y. 1973)). Utley v.Wray, Civ. No. 05-1356-MLB, 2007 WL 2703094, at *3 (D. Kan. 2007)("Although Rule 36 allows for requests applying law to fact, 'one party cannot demand that the other party admit the truth of a legal conclusion.'" (citation omitted)); See 8B Fed. Prac. & Proc. Civ. § 2255 (3d ed.)("As the Committee Note indicates, even the

amended rule does not allow a request for admission of a pure matter of law."). "For example, it would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts." Disability Rights Council v. Wash Metro. Area, 234 F.R.D. at 3 (citing Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. at 458; Reichenbach v. City of Columbus, No. 2:03-CV-1132, 2006 WL 143552 at *2 (S.D. Ohio Jan. 19, 2006)(stating that the defendants properly objected to a request for admission asking them to admit that the curb ramp at issue was not compliant with the federal accessibility design standards on the ground that it sought a purely legal conclusion)). See Tulip Computers Intern., B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2002)(holding that requests that seek legal conclusions are not allowed under Rule 36)).

### 2. **Denials Based on an Inability to Respond and Lack of Knowledge.**

Rule 36(a)(4) states:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). There is arguably a tension between the first sentence of rule 36(a)(4) and the third sentence. The first sentence suggests that the answer must describe in detail what efforts have been made to answer the RFA; the third sentence suggests that such detail is not necessary and that the answer need only track the third sentence of 36(a)(4). There thus may be some conflict between rule 36(a)(4)'s requirement that a responding party "state in detail why the answering party cannot truthfully admit or deny" a RFA, and not requiring a responding party to detail the

"reasonable inquiry" the party made. The courts have split on this issue. Some district courts have asserted a party must detail its inquiry. See, e.g., A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 254 (C.D. Cal. 2006); Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003)("Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." (citation omitted)). Other courts have asserted, however, that a simple statement that a party has made a reasonable inquiry and does not have adequate information to admit or to deny a RFA may suffice, and a party may rest on the statement. See, e.g., Asea, Inc. v. S. Pacific Transportation Co., 669 F.2d 1242 (9th Cir. 1981); Adley Express Co. v. Highway Truck Drivers & Helpers, Local No. 107, 349 F. Supp. 436 (E.D. Pa. 1972)("Under the amended Rule 36, it would appear that a mere statement in the answer that the answering party has made reasonable inquiry and that the information solicited was insufficient to enable him to admit or deny the requested matter will suffice."). The Court believes the latter authorities have the better argument and adopts this view.

In Asea, Inc. v. Southern Pacific Transportation Co., the United States Court of Appeals for the Ninth Circuit addressed the adequacy of a response to a RFA where the answering party -- the railroads -- stated: "Answering party cannot admit or deny. Said party has made reasonable inquiry. Information known or readily obtainable to this date is not complete. Investigation continues." 669 F.2d at 1244. The district court held a hearing whether to treat the railroads' response as an admission. The court asked the railroads whether they had "subsequently come into more information that (would) enable (them) to supply more appropriate answers." 669 F.2d at 1245. The railroads answered: "We may possibly, Your Honor," but insisted that "the answers still stand." 669 F.2d at 1245. The district court ordered the matters admitted.


The railroads appealed, arguing, in part, that their responses to the RFAs satisfied rule 36(a)'s requirements. The Ninth Circuit held that it was within the district court's discretion to order the matter admitted. <u>See</u> 669 F.2d at 1245.  The Ninth Circuit, after noting that rule 36 provides that a matter may be deemed admitted if the answer does not comply with the rules, stated:

> It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. Since such a response does not comply with the literal requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted. The railroads, however, argue that an answer complies with the requirements of Rule 36(a) if it states that the party has insufficient information to admit or deny the matter and that the party has made reasonable inquiry into all readily obtainable information.
>
> The language of Rule 36(a) would indeed permit such a construction. The Rule provides that a party may not give lack of information as a reason for failure to admit or deny " unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny" (emphasis added). The railroads cite in support of this construction <u>Adley Express Co. v. Highway Truck Drivers & Helpers, Local No. 107</u>, 349 F.Supp. 436 (E.D.Pa.1972), where the district court observed that "it would appear that a mere statement in the answer that the answering party has made reasonable inquiry and that the information solicited was insufficient to enable him to admit or deny the requested matter will suffice." <u>Id.</u> at 451-52 (footnote omitted). Their position is further supported by the Advisory Committee's Note, which states:
>
>> The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when it is not, the information may be close enough at hand to be "readily obtainable." Rule 36 requires only that the party state that he has taken these steps
>
> We have not been cited to, nor has our review uncovered, any case holding that a response which includes the statement required by Rule 36(a) may nonetheless be deemed an admission.

669 F.2d at 1245-46 (citations omitted).  Nonetheless, the Ninth Circuit found itself unpersuaded

"that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him." 669 F.2d at 1246 (emphasis added). Noting the well-documented abuses of the discovery rules, the Ninth Circuit reasoned that "permitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process." 669 F.2d at 1246. Based on this concern about discovery abuse, the Ninth Circuit stated: "[R]estricting the district court's discretion in this manner would reduce a litigant's obligation to make 'reasonable inquiry' into a mere semantic exercise, and thus severely undermine the policy embodied in Rule 36(a) of limiting the issues before trial." 669 F.2d at 1246-47. The Ninth Circuit held:

> [A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Although the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge. See David v. Hooker, Ltd., 560 F.2d 412, 418-19 (9th Cir.1977); French v. United States, 416 F.2d 1149, 1152 (9th Cir.1969). The general power of the district court to control the discovery process allows for the severe sanction of ordering a matter admitted when it has been demonstrated that a party has intentionally disregarded the obligations imposed by Rule 36(a).

669 F.2d at 1247.

The Court agrees with the Ninth Circuit that the language of rule 36(a)(4) permits a construction that tracking the third sentence of 36(a)(4) -- stating that a party has made a reasonable inquiry -- is enough and that no more detail about the inquiry is necessary. The Court further concludes, however, that the construction is not only permissible, but the better construction. Rule

-9-

36(a)(4) was added to require more detail.  See Fed.R.Civ.P. 36(a) advisory committee's notes ("A problem peculiar to Rule 36 arises if the responding party serves answers that are not in conformity with the requirements of the rule-for example, a denial is not 'specific,' or the explanation of inability to admit or deny is not 'in detail.'").  The respondent must, if he or she cannot admit or deny, state in detail why not.

One common situation is where the respondent lacks adequate knowledge to answer.  The third sentence tells the respondent what he or she must do to answer "in detail."  In other words, the sentence sets forth what "in detail" means for the common situation when the answering party lacks information or knowledge.  There may be other situations where a respondent cannot admit or deny; in such a situation, the respondent must use the more general directions in the first sentence.  If the Court were to interpret rule 34(a)(4) as requiring a person who lacked knowledge to make the statements in the third sentence and describe in detail the inquiry, there would be little need to even have the third sentence -- rendering it effectively surplusage, a disfavored result.  See Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 669 (2007)("On the dissent's reading, [some statutory language] is mere surplusage, and we have cautioned against reading a text in a way that makes part of it redundant." (citing TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001)).  "In detail" would require at least setting forth what the third sentence requires.  The Court is reluctant to give rule 36(a)(4) a construction that gives the third sentence little, if any, effect.  Further, the plain language of the first sentence of rule 36(a)(4) does not state that the answer must describe "in detail" the inquiry made; the first sentence states that the respondent must "state in detail why the answering party cannot truthfully admit or deny it" -- not what the answering party has done.  Fed. R. Civ. P. 36(a)(4)(emphasis added).  To add the requirement that the answering party must describe in detail what the party has done to reasonably inquire is to write into the rule language that is not

there. The Court is reluctant to read into the rule a requirement that the drafters did not write, and which Congress and the Supreme Court of the United States did not approve.

There is also a policy rationale for not reading the "in detail" requirement into the subject that the third sentence covers. Rule 36 deals with requests for admissions and not with interrogatories. To require the answering party to describe in detail the efforts it has made to inquire would be to turn the request for admissions into an open-ended interrogatory. Moreover, an in-detail description of the inquiry does not advance the discovery ball much; such an answer still does not produce an admission or denial. The detail is not much use for discovery. The detail is more useful for after trial to determine whether rule 37(a)(5) expenses should be awarded for failure to admit, but requiring that information now pushes to an early part of the case a lot of work and squabbles that may never need to be addressed if the case settles or the issue proves to be irrelevant down the road. Requests for admissions are rarely useful in twenty-first century complex commercial litigation, and are mostly helpful to authenticating documents or getting the most basic factual stipulations. Requests for admissions are useful when there is an admission, but not very useful when there is not a clear admission. The third sentence is made under rule 11, which is probably the best end to request-for-admission disputes; to read a requirement that the answering party describe in detail the reasonable inquiry only promotes satellite litigation with little benefit.

## **ANALYSIS**

BNSF Railway asks the Court to deem admitted RFAs Nos. 20-33, because of the Esquibels' improper objections to RFA Nos. 20-21, and 23-33, and because of their improper failure to admit or deny RFA No. 22. BNSF Railway also asks the Court to compel the Esquibels to answer RFA No. 12 without objection. At the hearing, the Esquibels stated that, given the Court's guidance at the hearing that it was inclined to overrule the Esquibels' objections to the requests for admission,

find their responses insufficient, and give them ten days to supplement their answers, they would supplement their answers to BNSF Railway's requests for admission in ten days. The Esquibels sought clarification, however, regarding their responses to the requests they believe seek legal conclusions. The Esquibels directed the Court's attention to RFA No. 20, which states: "The New Mexico Department of Transportation Department ("NMDOT") is responsible for administering the federal grade crossing improvement program in the State of New Mexico." Plaintiffs' Answers to BNSF Railway Company's First Set of Requests for Admission to Plaintiffs Emilio J. Esquibel and Helen G. Esquibel, Individually and as Co-Personal Representatives of the Estate of Michael S. Esquibel, Request for Admission No. 20, filed May 25, 2011 (Doc. 88-1). Rule 36(a)(1) allows for requests applying "law to fact." Fed. R. Civ. P. 36(a)(1). This request for admission does not involve "a pure matter of law." Lakehead Pipe Line Company, Inc. v. Am. Home Assurance Co., 177 F.R.D. at 458. In Reichenbach v. City of Columbus, the United States District Court for the Southern District of Ohio addressed the defendants' objection to the plaintiff's requests for admission on the basis that the requests sought "only a conclusion of law." 2006 WL 143552, at *2. The district court stated:

> Rule 36(a) permits requests for admission that "relate to statements or opinions of fact or the application of law to fact." Fed.R.Civ.P. 36(a). However, "a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered inappropriate." Lakehead Pipe Line Company, Inc. v. American Home Assurance Co., 177 F.R.D. 454, 458 (D.Minn.1997).
>
> The challenged discovery requests ask if defendants are in compliance with 28 C.F.R. 35.150(d). That regulation requires that certain public entities develop a transition plan setting forth the steps necessary to achieve structural changes, such as curb ramps, as required by the ADA. Each plan must include specific elements and particular groups of individuals must be offered the opportunity to be involved in the development of the transition plan. See id. Plaintiff's requests make no reference to facts nor do they seek factual information. The requests, as currently formulated, seek only legal conclusions. These requests are therefore properly

>objectionable because, once again, they focus exclusively on legal questions and contain no factual components.

2006 WL 143552, at *2. The district court noted, however, that the plaintiff could have proposed the "following request for admission: Defendants adopted a transition plan within six months of January 26, 1992, as required by 28 C.F.R. 35.150(d)(1). Admit or deny." 2006 WL 143552, at *2 n.3. Unlike the plaintiffs' requests for admission in Reichenbach v. City of Columbus, which sought an admission involving a pure matter of law and did not make reference to the facts, RFA No. 20 is closer to a request seeking application of law to the facts of the case. It is trying to narrow the range of entities that -- factually -- administer a particular program in New Mexico; it does not seek the admission of an abstract question of law. The Esquibels must therefore admit or specifically deny RFA No. 20, or state in detail why they cannot truthfully admit or deny it.

To the extent that the Esquibels' answers are objections, the Court will overrule the objections. To the extent that the answers are statements as to why the Esquibels are not answering the requests for production, the answers do not conform to the rules set forth in rule 36(a)(4). The Esquibels must either admit or specifically deny the request for admission, or state in detail why they cannot truthfully admit or deny it. See Fed. R. Civ. P. 36(a)(4). If the Esquibels are going to say that they cannot answer a request for admission, they have to track the requirements of rule 36(a)(4). See Fed. R. Civ. P. 36(a)(4). This requirement means that, if they are going to respond that they cannot truthfully admit or deny the request for admission, because they do not have sufficient information, they must state "that [they] ha[ve] made reasonable inquiry and that the information [they] know[ ] or can readily obtain is insufficient to enable [them] to admit or deny." A reasonable inquiry means that a party has to ask their counsel, and if their counsel knows the answer, they need to use that information to admit or deny. See T. Rowe Price Small-Cap Fund, Inc.

v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997)("Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." (citation omitted)).  For these reasons, and the reasons stated on the record at the hearing, the Court believes that the Esquibels' answers to the Requests for Admission are not adequate and the Court will overrule the objections to the requests for admission.  The Court will thus find that the Esquibels' responses insufficient and gives the Esquibels ten days to supplement their answers to the requests for admission.

**IT IS ORDERED** that Defendant BNSF Railway Company's Motion to Compel Answers to Requests for Admission, filed May 25, 2011 (Doc. 88), is granted in part and denied in part.  The Court does not deem Request for Admission Nos. 20-33 admitted.  The Court overrules, however, Plaintiff Emilio J. Esquibel's and Helen G. Esquibel's objections to the requests for admission.  The Court finds the Esquibels' responses insufficient and gives them until July 20, 2011 to supplement their answers to the requests for admission.

        _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Philip C. Gaddy
Maria E. Touchet
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs Emilio J. Esquibel and Helen G. Esquibel*

Tony F. Ortiz
Christopher M. Grimmer
Scheuer, Yost & Patterson, P.C.
Santa Fe, New Mexico 87504

    *Attorneys for Defendant City of Las Vegas*

James P. Sullivan
Christina L. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

-- and --

Joan M. Waters
Brennan & Sullivan, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant San Miguel County*

Jerry A. Walz
Alfred D. Creecy
Walz & Associates
Albuquerque, New Mexico

    *Attorneys for Defendant New Mexico Department of Transportation*

Tim L. Fields
Alex Cameron Walker
Greg L. Gambill
Earl E. DeBrine, Jr.
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants National Railroad Passenger Company*
      *and BNSF Railway Company*